[DO NOT PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 24-12354

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

WALBERTO CUERO CORTES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:17-cr-00097-WFJ-TGW-2

_____

Before LUCK, LAGOA, and KIDD, Circuit Judges.

PER CURIAM:

Walberto Cortes appeals from the district court's denial of his motion to reduce his sentence, pursuant to 18 U.S.C. § 3582(c)(2), based on Amendment 821 to the Sentencing Guidelines, which provides that defendants who did not receive any criminal history points, and whose instant offenses did not involve specified aggravating factors, are eligible for a decrease of two levels from their calculated offense levels. Cortes argues that the district court abused its discretion by failing to consider an applicable 18 U.S.C. § 3553(a) factor—the pertinent policy statement issued by the Sentencing Commission. Cortes asserts that the district court disregarded the Commission's intent in providing retrospective application of Amendment 821 by emphasizing, when denying his motion, the weight of the cocaine and the fact that Cortes received a low-end guidelines sentence after a safety-valve reduction and a reduction for acceptance of responsibility.

We review a district court's denial of a motion for a sentence reduction, pursuant to § 3582(c)(2), for an abuse of discretion. *United States v. Webb*, 565 F.3d 789, 792 (11th Cir. 2009). An argument raised for the first time in an appellant's reply brief is waived. *United States v. Levy*, 379 F.3d 1241, 1244 (11th Cir. 2004).

Section 3582(c)(2) permits a district court to reduce a sentence for a defendant "who has been sentenced to a term of imprisonment based on a sentencing range that has been subsequently lowered by the Sentencing Commission," so long as "such a

reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). The Commission has indicated that sentence reductions are permissible when "the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment listed in U.S.S.G. § 1B1.10(d)." U.S.S.G. § 1B1.10(a).

As noted by Cortes, the policy statement for § 1B1.10 provides that:

> [t]he listing of an amendment in subsection (d) reflects policy determinations by the Commission that a reduced guideline range is sufficient to achieve the purposes of sentencing and that, in the sound discretion of the court, a reduction in the term of imprisonment may be appropriate for previously sentenced, qualified defendants.

§ 1B1.10, p.s. The policy statement also states, however, that the "authorization of such a discretionary reduction . . . does not entitle a defendant to a reduced term of imprisonment as a matter of right." *Id.*

In November 2023, Amendment 821 to the Sentencing Guidelines went into effect. *See* U.S. Sentencing Commission, *Adopted Amendments (Effective November 1, 2023)*, Amendment 821. As relevant here, Part B of Amendment 821, which the Commission stated should be applied retroactively, added a new section, § 4C1.1 (2023), which provides for a decrease in a defendant's offense level if the defendant satisfies ten criteria, including that the

defendant did not receive any criminal history points from Chapter 4, Part A.  U.S.S.G. amends. 821, 825 (2023); *see also* § 1B1.10.

If the district court determines that a defendant is eligible for a sentence reduction under § 3582(c)(2), it next must consider the relevant § 3553(a) factors to determine whether, in its discretion, such a reduction is warranted.  18 U.S.C. § 3582(c)(2); *Dillon v. United States*, 560 U.S. 817, 827 (2010).  The district court must consider several sentencing factors, including the nature of the offense; the defendant's character and history; the need for the sentence imposed to reflect the seriousness of the offense, punish the defendant, and deter crime; and any pertinent policy statements.  18 U.S.C. § 3553(a).

A district court abuses its discretion when it (1) fails to consider relevant factors that were due significant weight, (2) gives an improper or irrelevant factor significant weight, or (3) commits a clear error of judgment by balancing the proper factors unreasonably.  *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc); *see also United States v. Curtin*, 78 F.4th 1299, 1311 (11th Cir. 2023).  We have recognized that district courts enjoy broad discretion in weighing the § 3553(a) factors.  *United States v. Pugh*, 515 F.3d 1179, 1203 (11th Cir. 2008).

The district court may also consider the defendant's post-sentencing conduct in evaluating whether a reduction in the defendant's sentence is warranted.  *United States v. Williams*, 557 F.3d 1254, 1256 (11th Cir. 2009).  The district court is not required, however, to articulate the applicability of each factor, as long as the

record as a whole demonstrates that the pertinent factors were considered by the court. *Id.* at 1256–57.

Here, we conclude that the district court did not abuse its discretion by denying Cortes's § 3582(c)(2) motion. The district court acknowledged that Cortes qualified for relief under Amendment 821, but it refused to reduce his sentence due to the nature and seriousness of his offense, which it noted involved a "massive amount of cocaine." Moreover, the district court did consider the pertinent policy statement issued by the Sentencing Commission but chose to exercise its discretion to deny a sentence reduction. *See* § 1B1.10, p.s. (stating that in the "sound discretion of the court, a reduction in the term of imprisonment may be appropriate," but the "authorization of such a discretionary reduction does not otherwise affect the lawfulness of a previously imposed sentence . . . and does not entitle a defendant to a reduced term of imprisonment as a matter of right"); *United States v. Vautier*, 144 F.3d 756, 760 (11th Cir. 1998) ("The grant of authority to the district court to reduce a term of imprisonment is unambiguously discretionary."). Overall, Cortes has not shown that the district court failed to consider relevant factors that were due significant weight, gave an improper or irrelevant factor significant weight, or committed a clear error of judgment by balancing the factors unreasonably. *See Irey*, 612 F.3d at 1189. Accordingly, we affirm.

**AFFIRMED.**